[Crim. No. 12926.   Second Dist., Div. One.   Feb. 5, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD LESLIE BERGER, Defendant and Appellant.

Donald Leslie Berger, in pro. per., Maxwell S. Keith, under appointment by the Court of Appeal, and Cooper & Nelsen for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marvin A. Bauer, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant Berger and codefendant Ruggiero were convicted by a jury of first degree robbery (Pen. Code, § 211) ; defendant was also found guilty of kidnaping for the purpose of robbery (Pen. Code, § 209). Previously he had admitted four prior felony convictions alleged in the information. Probation having been denied, he was sentenced to the state prison. Only defendant Berger appeals from the judgment.

Carl Arthur Dunston was employed at a North Hollywood service station during the month of May 1966. On May 14, shortly before 10 p.m. he was in the back room of the station changing his clothes. Hearing the station buzzer, he came out of the back to the front office and was confronted at the door by defendant pointing a gun at him. It was held in defendant's right hand and appeared to be "a little .22." A second man, Ruggiero, was with him but Dunston could not state whether he had a gun. Defendant told him he wanted all of his money; Dunston thought he was joking and told him he didn't have any money. When defendant said, "You better have some," Dunston went up to the cash box, but he did not have his keys; defendant told him to get them. Dunston then walked to the back room for the keys; defendant followed immediately behind him, while Ruggiero remained in the front office. When Dunston had secured the keys, they proceeded to the cash box outside the office in the island, and defendant told Dunston to open it up and "to act casual." Dunston opened the box and folded up the money, approximately $150, and defendant then said: "Let's walk back inside." Having done so, defendant told Dunston to give him the money; defendant folded it up, stuck it in his billfold and told Dunston to lie down for five minutes in the back room. Ruggiero was present during this interval of time, about five minutes, but remained in the office building proper; "he didn't say too much," and defendant did most of the talking. When Dunston had lain down, at defendant's instructions, the latter said: "Do you hear me?" Dunston said "Yes" and just lay there. When Dunston finally got up, both men had departed. Dunston then went back into the office to get a coin from his wallet to call the police; the wallet was missing; he had last seen it on the counter right where Ruggiero had been standing; he ran across the street and called the police. Dunston identified the defendant, the "guy with the black hair," and Ruggiero, he having twice previously seen both parties together at a certain tavern (Lil's Bar). Three days later, May 17, Dunston saw defendant and Ruggiero at Lil's Bar. The police were summoned, but the men had left. On May 27, they were arrested in Montebello at a private residence. Defendant was attempting to leave by a bathroom window; Ruggiero was found standing in a bedroom behind an open door with the lights out.

The defense consisted of the testimony of alibi witnesses and defendant's own testimony to the effect that for reprisal reasons he had been "framed." In this regard, defendant was as-

sertedly told by Dunston that he (Dunston) "had been beat out of some whites [benzedrine] and that he had paid $20.00 for those whites, and as a result wanted his money back because Bob Ruggiero had introduced him to Duke." Too, even though defendant had never personally agreed to get the benzedrine for Dunston, the latter had previously made demands on him.

The first assignment of error relates to the exclusion of certain testimony offered by defendant, on the grounds that it was hearsay and irrelevant. The ruling occurred during defendant's direct examination when he was asked whether he and Dunston had ever discussed anything relating to defendant's past record, including Dunston's knowledge that defendant was then on parole. The objection by the prosecutor was the hearsay nature of such evidence; the objection was sustained on the basis of the irrelevance of such testimony. The offer of proof pointed out that the jury had the right to know of Dunston's awareness of the fact that both defendants were on parole and had a very bad background; that since the defense contended that Dunton himself took the money from the service station, it would be logical for him to point an accusing finger at defendant, a previously convicted felon. The hearsay objection does not appear to have been well taken. 'There is a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false, and in these cases the words or acts are admissible not as hearsay, but as original evidence. [Citations.]'' (*People* v. *Henry,* 86 Cal.App.2d 785, 789 [195 P.2d 478].) That was the situation here. It is also questionable whether the evidence sought to be elicited was free from irrelevance. " 'Evidence is relevant not only when it tends to prove or disprove the precise fact in issue, but when it tends to establish a fact from which the existence or nonexistence of the fact in issue can be directly inferred.' '' (*Firlotte* v. *Jesse,* 76 Cal.App.2d 207, 210 [172 P.2d 710] ; see also *People* v. *Jones,* 42 Cal.2d 219, 222 [266 P.2d 38].) The inference contended for might reasonably have been deduced from the testimony proffered.

It appears, however, that the defense theory was brought home to the jury by defense counsel on three occasions; accordingly, any possible prejudice to defendant's cause could not have resulted. Thus, before any objection was interposed, defendant affirmatively answered a question if he

had overheard a conversation between Dunston and Ruggiero wherein defendant's past record was discussed. Again, in counsel's opening statement he declared, over objection, that Dunston knew of defendant's four prior felonies. Lastly, again over objection by the prosecutor, defendant's counsel in his closing argument made reference to the theory of his client's defense: "Now, I say this: the only thing that I can say for Mr. Dunston is, Mr. Dunston knew both of these fellows, he had talked with them and had played pool. I assume he knew they were ex-felons. . . . All we have is Mr. Dunston saying that he gave the hundred or the $130 to someone else, but I don't know where that hundred went and neither do you. . . . but I do know this, that if the heat were on me and I were an employee I would start thinking about who I can lay that on. There is no more logical person to take the bump for any rap, . . . [than] a felon or a con or a man that is on parole . . . ."

■ The testimony of Dunston taken at the preliminary hearing was read into evidence, it having been established that Dunston was in Denver at the time of the trial. Although appellant does not contend that "Dunston was not shown to be out of this state at the time of trial," or suggest that any law enforcement agency undertook any affirmative conduct to insure such absence, he argues that Dunston was not fully or adequately cross-examined at the preliminary hearing, hence, the subsequent admission of his testimony denied him the appropriate guarantees given under the state and federal Constitutions. Such claims have been made and rejected many times before, more recently in *People* v. *Washington,* 248 Cal.App. 2d 470, 475 [57 Cal.Rptr. 487], as follows: "Innumerable appellate court cases in California support the rule of law that where a live and otherwise competent witness is absent from the state, without any complicity to keep him from the court and his testimony has been previously given and recorded before the defendant with adequate opportunity by defendant's counsel to cross-examine, the evidence so given is admissible and not violative of defendant's constitutional rights of due process." Among the crucial words in the above statement are "adequate opportunity" for cross-examination of the absent witness as contrasted with the present claim that such witness was not in fact subjected to adequate cross-questioning. The present contention appears to be of the hindsight variety, since it goes to the matter of Dunston's motives in testifying as he did. The constitutional guarantees do not go that far, at least in the present case, thus distinguishing it from *People* v.

*Gibbs,* 255 Cal.App.2d 739 [63 Cal.Rptr. 471], cited by appellant in his closing brief. There, in a prosecution involving the sale of marijuana the absent witness was a police informer who testified against defendant at the preliminary hearing. After declaring that the confrontation guarantee and the consequent opportunity for adequate cross-examination depended upon the peculiar circumstances of each case, including the character of the witness, the court pointed out that defendant's counsel entered the case only five minutes before the preliminary hearing, that informers are prone to disappear, and that they are frequently eligible for prosecution as drug users or possessors and testify under fear of prosecution or hope of leniency and, also quite frequently, are the only visual witnesses to proscribed transactions—the informer in *Gibbs* was the only witness who could establish the sale by observation; hence, it held that the "impeachment at the preliminary might be a 'now or never' undertaking" (p. 746) and crucial to the defense. In the present case we do not have the above overwhelming combination of factors.

Finally, it is contended by appellant (in a brief by him separately filed), as well as by court-appointed counsel in his closing brief, that the prosecution negligently allowed Dunston to evade appearance at the trial. The point is not sustainable. Where the evidence, as here, is sufficient to show that the witness is absent from this state, the due diligence requirement is inapplicable. (*People* v. *Haney,* 249 Cal.App.2d 810, 816 [58 Cal.Rptr. 36].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied February 23, 1968, and appellant's petition for a hearing by the Supreme Court was denied April 4, 1968.