BERGER *v.* CALIFORNIA.

No. 221, Misc.—Decided January 13, 1969.

*Thomas C. Lynch,* Attorney General of California, *William E. James,* Assistant Attorney General, and *Marvin A. Bauer,* Deputy Attorney General, for respondent.

PER CURIAM.

Petitioner was convicted of robbery and kidnaping for the purpose of robbery. The victim, one Carl Arthur Dunston, testified against petitioner at a preliminary hearing; there was evidence that at the time of the trial Dunston was in Colorado. A state investigator tried to contact Dunston on the telephone; he got through to some of Dunston's relatives and to his employer, but not to Dunston himself. Although two telegrams were received, allegedly from Dunston, no subpoena was served. At trial, the transcript of Dunston's preliminary hearing testimony was introduced into evidence. On appeal, the Court of Appeal for the Second Appellate District of California held that this procedure did not deny petitioner his Sixth Amendment right to be confronted with the witnesses against him since Dunston was absent from the State of his own free will and since petitioner's counsel had had an adequate opportunity to

cross-examine Dunston at the preliminary hearing. 258 Cal. App. 2d 622, 66 Cal. Rptr. 213 (1968). The California Supreme Court denied petitioner a hearing on April 4, 1968. Nineteen days later we held in the case of *Barber* v. *Page,* 390 U. S. 719, that the absence of a witness from the jurisdiction would not justify the use at trial of preliminary hearing testimony unless the State had made a good-faith effort to secure the witness' presence. The sole question in this case is whether the holding of *Barber* v. *Page* should be given retroactive application. We think that it should.

Clearly, petitioner's inability to cross-examine Dunston at trial may have had a significant effect on the "integrity of the fact-finding process." *Linkletter* v. *Walker,* 381 U. S. 618, 639 (1965); cf. *Roberts* v. *Russell,* 392 U. S. 293 (1968); *McConnell* v. *Rhay, ante,* p. 2 (1968). As we pointed out in *Barber* v. *Page,* one of the important objects of the right of confrontation was to guarantee that the fact finder had an adequate opportunity to assess the credibility of witnesses. 390 U. S., at 721. And California's claim of a significant countervailing interest based upon its reliance on previous standards, see *Stovall* v. *Denno,* 388 U. S. 293, 297 (1967), is most unpersuasive. *Barber* v. *Page* was clearly foreshadowed, if not preordained, by this Court's decision in *Pointer* v. *Texas,* 380 U. S. 400 (1965), which was handed down more than a year before petitioner's trial. Accordingly, we can see no reason why *Barber* v. *Page* should not be given fully retroactive application.

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment of the Court of Appeal is vacated and the case is remanded for reconsideration in light of this Court's decision in *Barber* v. *Page,* 390 U. S. 719 (1968).

*It is so ordered.*