PEOPLE *v.* TEES

PEOPLE *v.* BATTEN

1. New Trial—Joint Defendants.

 The granting of a new trial to one defendant on a ground applicable to that defendant only does not automatically entitle his joint defendants to a new trial also.

2. Evidence — Witnesses — Absence — Preliminary Examination Testimony — Admissibility.

 Absence of a witness from the jurisdiction does not justify the use at trial of his preliminary examination testimony unless defense counsel had either cross-examined, or had been given an adequate opportunity to cross-examine, that witness at the preliminary examination and unless the prosecution had made a good-faith effort to obtain that witness' presence at trial.

3. Constitutional Law—Right of Confrontation—Witnesses— Absence—Evidence—Preliminary Hearing Testimony—Cross-Examination—Admissibility—Trial.

 Admission at defendants' trial of the preliminary examination testimony of an absent witness did not violate defendants' constitutional right to confront the witnesses against them where defense counsel had cross-examined that witness at the preliminary hearing and the prosecution detailed the diligent

---

References for Points in Headnotes

[1] 39 Am Jur, New Trial § 25.
[2–5] 21 Am Jur 2d, Criminal Law § 343.

.

manner and extent of its efforts to obtain that witness's presence at trial.

4. WITNESSES — ABSENCE — EVIDENCE — PRELIMINARY EXAMINATION ADMISSIBILITY.

A detective's testimony regarding his efforts to serve a witness with a subpoena which included checking her last known address and upon finding her absent, diligently inquiring as to her whereabouts, talking with one of the defendants who admitted that he knew she was in another state but said he did not have her address, and relating how the witness had, before leaving, refused to give police her out-of-state address, demonstrated that the people had exhausted all leads regarding that witness's whereabouts and had made a good-faith effort to produce her; consequently, the preliminary examination testimony of the witness, who had been cross-examined by defense attorneys, was properly admitted at defendants' trial.

5. EVIDENCE—WITNESSES—RIGHT OF CONFRONTATION.

Admission at defendants' trial of the preliminary examination testimony of an absent witness whose attendance the people admittedly had made no good-faith effort to obtain, constituted harmless error even though there was a lack of witness confrontation where defense attorneys had cross-examined that witness at the preliminary examination, the witness had specifically denied knowing both defendants although he admitted that he knew a third defendant, and his testimony was not therefore prejudicial to either defendant but was merely cumulative.

Appeal from Oakland, Leon R. Dardas, J. Submitted Division 2 March 4, 1970, at Lansing. (Docket Nos. 7,496, 7,497.) Decided April 29, 1970. Leave to appeal granted August 18, 1970. 383 Mich 820.

William Tees and Ivan Batten were convicted of obtaining money by false pretenses and conspiracy to commit that offense. Defendants' delayed motion for a new trial denied. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Kenneth J. Morris,* for William Tees.

*James F. Finn,* for Ivan Batten.

Before: J. H. GILLIS, P. J., and DANHOF and O'HARA,* JJ.

DANHOF, J. A summary of the facts of this voluminous case is set forth in *People* v. *Batten* (1967), 9 Mich App 195, *leave to appeal denied.* According to the defendants' statement of facts in their appellate brief, legal action followed that decision which resulted on October 10, 1968 in United States District Judge Thaddeus Machrowicz granting a petition for a writ of habeas corpus to Peter Lazaros, a joint defendant at the trial, and the remanding of his case for a new trial. On November 1, 1968 a petition for a writ of habeas corpus in the case of William Tees and Ivan Batten was filed and the matter was assigned to United States District Judge Damon Keith. The office of the state attorney general filed a motion to dismiss and on January 5, 1969 that motion was granted by Judge Keith who stated in his opinion that the defendants had not exhausted their state remedies and that the state courts should be presented the opportunity of deciding whether the case of *Barber* v. *Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255) applies to this matter. Thereafter, defendants filed a de-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

layed motion for a new trial and a brief in support
thereof with the trial court.   Their motion was
based on the denial of the right of confrontation in
that two witnesses who testified at the preliminary
examination, Connie Wood and Victor Postic, did
not appear at the trial and the transcript of their
preliminary examination testimony was read at the
trial over the objections of the defendants.   The
judge at the trial was the Honorable Leon R. Dardas,
and he also heard and denied defendants' delayed
motion for a new trial.

Defendants argue on appeal that they should be
granted a new trial because joint defendant Peter
Lazaros was granted one, and because *Barber* v.
*Page, supra,* requires that result.

Relying on *Fay* v. *Noia* (1963), 372 US 391 (83
S Ct 822, 9 L Ed 2d 837) as their sole authority, de-
fendants argue that because a joint defendant at
the trial was granted a new trial, they should be
granted one too.   That case is readily distinguish-
able from the present one.   In that case it was stipu-
lated that the coercive nature of Noia's confession
was established and at issue was whether the federal
courts have the *power* under the federal habeas
corpus statute to grant relief despite the applicant's
failure to have pursued a state remedy *not available
to him at the time he applies.*   Clearly, that is not the
present case.

We must, however, consider the applicability of
*Barber* v. *Page, supra,* which held that the absence
of a witness from the jurisdiction would not justify
the use at trial of preliminary hearing testimony
unless the state had made a good-faith effort to
secure the witness's presence.   It was given retroac-
tive application in *Berger* v. *California* (1969), 393
US 314 (89 S Ct 540, 21 L Ed 2d 508).

Specifically, we must decide if the admission of the preliminary examination testimony of witnesses Connie Wood and Victor Postic at defendants' trial over objection requires reversal and remanding for a new trial.

Both witnesses had been cross-examined at the preliminary examination by attorneys for the defendants so this is not a case where the holding in *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923) is applicable. *Pointer* held that the 6th amendment's guarantee of an accused's right to be confronted by the witnesses against him, which has been held to include the right to cross-examine those witnesses was made applicable to the states by the 14th amendment. It further held that the introduction at trial, over defendant's objections, of a witness's testimony given at the preliminary hearing, at which defendant was not given an adequate opportunity to cross-examine the witness through counsel, constituted a denial of defendant's constitutional right of confrontation.

We consider first the facts with regard to witness Wood and her testimony. That portion of the trial transcript relative to the people's efforts to obtain the presence of Miss Connie Wood may be summarized as follows: Detective Leaf testified that he was unable to find Connie Wood, that he made a diligent inquiry as to her whereabouts, that he made a diligent effort to serve a subpoena upon her, that he went to the address that she gave at the time of the preliminary examination, but that she wasn't there anymore, that she had said at the time of the examination (over a year before the trial) that she was leaving upon the completion of the testimony for California, that she refused at that time to tell the police where she was going in California, and that he had talked with defendant Tees regarding Miss

Wood's whereabouts and that Tees said he knew she was in California but that he did not know her address.

That testimony indicates that the people did not know where in California to look for Miss Wood and that she had refused to give them her address when she moved there over a year before the trial. Additionally, defendant Tees, a social acquaintance of the witness, was unable to give them her address in California. Consequently, we think this case is factually distinguishable from *Barber* v. *Page, supra,* where it was known that the absent witness was incarcerated in a federal penitentiary in Texarkana, Texas. Similarly, we think that it is factually distinguishable from *Berger* v. *California, supra,* where a state investigator had been in contact by telephone with some of the witness's relatives and with his employer and had received two telegrams from the witness, and thus might reasonably have been expected to be able to produce the witness at the trial.

In the instant case the people, after exhaustion of all leads, knew only that Miss Wood had left for California the previous year. We hold that the record demonstrates that the people did meet the good-faith effort requirement set forth in the *Barber* and *Berger* cases, and therefore, her testimony was properly admitted.

This decision is supported by United States District Judge Machrowicz's written opinion granting Peter Lazaros' petition for a writ of habeas corpus. He stated:

"In the instance of the witness Connie Wood, whose exact whereabouts in California was unknown, this Court would be hesitant to disturb the trial court's exercise of discretion."

We consider now the facts with regard to witness Postic and his testimony. It is admitted by the people that the trial transcript does not show an effort to obtain Victor Postic's return from Virginia. However, the people argue that the admission of his testimony constituted harmless error.

It was the admission of Mr. Postic's testimony without a good-faith effort to secure his attendance that caused United States District Judge Machrowicz to grant Peter Lazaros' petition for a writ of habeas corpus and to remand his case for a new trial. However, there are two distinguishing facts when Postic's testimony is considered with regard to the defendants. One is that Peter Lazaros was tried by a jury, whereas the defendants waived their right to a jury trial and were tried instead by Judge Dardas, who at the time he denied their delayed motion for a new trial stated that he was endowed with a good memory and that he had heard the cases of William Tees and Ivan Batten without a jury, while the same testimony was being heard in the case of Peter Lazaros by a jury. He further stated that because he heard this testimony and decided the cases himself rather than having a jury decide them that he knew the testimony of Postic was merely cumulative and was therefore harmless error. The other distinguishing fact is that Mr. Postic specifically denied knowing either of the defendants whereas he specifically stated that he did know Peter Lazaros. Therefore, his testimony may have been incriminating as to Lazaros, but not prejudicial as to the defendants.

After reading witness Postic's preliminary examination testimony, we are satisfied beyond a reasonable doubt, as required by *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705, 24 ALR3d 1065) *reh. den.* 386 US 937 (87 S Ct 987,

18 L Ed 2d 241), that the lack of confrontation at trial was harmless error.

Affirmed.

All concurred.