PEOPLE v. TEES
PEOPLE v. BATTEN

CRIMINAL LAW—EVIDENCE—WITNESSES—PRELIMINARY EXAMINATION
TESTIMONY — CONSTITUTIONAL LAW — CONFRONTATION BY WIT-
NESSES.

Record for justification of nonproduction at trial of two named
prosecution witnesses and of the evidentiary employment dur-
ing trial of their testimony at the preliminary examination
comes within the constitutional ban of United States Supreme
Court decisions, which were held effective retroactively, and
the convictions of the defendants should be reversed and re-
manded for new trial as they were deprived of their Sixth
and Fourteenth Amendment right to be confronted by those
witnesses where the prosecuting attorney conceded that no
showing was made of any attempt to produce the presence
of one of the witnesses at the trial other than a mere showing
that he was in the Navy and outside the jurisdiction of the
state and the prosecutor's position as to the other witness
was that, while it was not contended the witness' testimony
was harmless, the defendants failed to establish any abuse
of discretion on behalf of the trial court's actions in ruling
that sufficient effort had been extended to produce that wit-
ness for trial (US Const Ams 6, 14).

Appeal from Court of Appeals, Division 2, J. H.
Gillis, P. J., and Danhof and O'Hara, JJ., affirming
Oakland, Leon R. Dardas, J.   Submitted November
4, 1971.   (No. 30 October Term 1971, Docket Nos.
52,924, 52,925.)   Decided December 21, 1971.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 343.
Federal constitutional right to confront witnesses—Supreme
Court cases.   23 L Ed 2d 853.

23 Mich App 476 reversed.

William Tees and Ivan Batten were convicted of obtaining money by false pretenses and conspiracy to commit that offense. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Reversed and remanded for new trial or separate trials.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*James F. Finn,* for defendants.

PER CURIAM. The controlling question here is substantially the same as that which confronted the Supreme Court in *Barber* v. *Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255), and again in *Berger* v. *California* (1969), 393 US 314 (89 S Ct 540, 21 L Ed 2d 508). That question is whether the defendants were deprived of their Sixth and Fourteenth Amendment right to be confronted by absent —from this joint trial—prosecution witnesses Connie Wood and Victor Postic. For the background of facts giving rise to the stated question, see *People* v. *Tees* (1970), 23 Mich App 476 and *People* v. *Batten* (1967), 9 Mich App 195.

Defendants were tried and sentenced in 1962, prior of course to the handing down of *Barber* and *Berger.* However, in *Berger,* the presently applied rule of *Barber* was held effective retroactively.

The prosecuting attorney concedes that "no showing was made of any attempt to procure the presence of the witness Victor Postic at the trial in the above entitled cause, other than a mere showing that he

was in the Navy and outside the jurisdiction of the State." He contends however that the transcript of Postic's testimony shows that such testimony did not incriminate either of the defendants, "and indeed constituted harmless constitutional error," citing *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705). As for the witness Wood, the prosecutor states candidly that "the People have never contended that her testimony was harmless." His position nonetheless is that defendants "have failed to establish any abuse of discretion on behalf of the trial court's actions in ruling that sufficient effort had been expended to produce Miss Connie Wood for trial."

We are convinced that the record made here, as and for justification of nonproduction at the trial of the two named witnesses, and of the evidentiary employment during the trial of testimony given by them at the preliminary examination, comes within the constitutional ban of *Barber* and *Berger* and that it would never pass muster before the Supreme Court.

Reversed and remanded for new trial or separate trials, as the trial judge may be advised.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.