PEOPLE *v* HERMAN BROWN

1. CRIMINAL LAW—RIGHT OF CONFRONTATION—RES GESTAE WITNESSES—PRELIMINARY EXAMINATION TESTIMONY.

The statute permitting the prosecution to use a witness's testimony, taken at a preliminary examination, at trial "whenever the witness giving such testimony cannot, for any reason, be produced at the trial" is limited by the defendant's constitutional right to be confronted by a *res gestae* witness and to cross-examine him (US Const, Am VI; Const 1963, art 1, § 20, MCLA 768.26).

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—PRELIMINARY EXAMINATION TESTIMONY—DUE DILIGENCE.

The prosecuting attorney must make a showing of due diligence or a good-faith effort to obtain the presence at trial of a necessary and important *res gestae* witness before that witness's absence can be excused and his preliminary examination testimony admitted into evidence at trial (MCLA 768.26).

3. CRIMINAL LAW—RIGHT OF CONFRONTATION—RES GESTAE WITNESSES—PRELIMINARY EXAMINATION TESTIMONY.

A defendant had a constitutional right to be confronted at trial by an indorsed *res gestae* witness, even though the witness was subject to cross-examination at the preliminary examination, where the witness was one of only two *res gestae* witnesses who viewed the crime and his testimony at the preliminary examination was highly damaging to the defendant, because the constitutional right to be confronted by witnesses includes the occasion for the jury to weigh the demeanor of the witness (US Const, Am VI).

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5, 6] 21 Am Jur 2d, Criminal Law § 343.
[4] 21 Am Jur 2d, Criminal Law § 219.

4. CRIMINAL LAW—JOINT TRIALS—OBJECTIONS BY CODEFENDANT—
   WAIVER.

   Defendant's attorney's silence during an objection by a code-
   fendant's attorney to the violation of a constitutional right
   does not constitute a waiver of that right where the defendant
   and his codefendants are being jointly tried, because a valid
   objection by one defendant concerning a constitutional right
   when overruled by the court inures to the benefit of both
   defendants.

5. CRIMINAL LAW—INDORSED RES GESTAE WITNESS—NONPRODUCTION
   —DUE DILIGENCE.

   Admitting into evidence the preliminary examination testimony
   of a nonproduced indorsed *res gestae* witness was error where
   the prosecution had been given 60 days' notice of the trial
   date and the witness was a local police officer who could
   have easily been notified to be present, or, if necessary, sub-
   poenaed, and, at trial, the prosecution made no showing of due
   diligence or a good-faith effort to obtain the witness's presence
   at trial (MCLA 768.26).

6. CRIMINAL LAW—INDORSED RES GESTAE WITNESS—DUE DILIGENCE.

   Error in admitting into evidence the preliminary examination
   testimony of a nonproduced indorsed *res gestae* witness was
   not averted merely by submitting to the jury the question of
   the prosecutor's due diligence in obtaining the witness's
   presence where there was absolutely no showing of any dili-
   gence or good-faith effort to obtain the witness's presence at
   trial (MCLA 768.26).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J.   Submitted Division 1 November 9,
1971, at Detroit.   (Docket No. 11539.)   Decided Jan-
uary 21, 1972.

Herman Brown was convicted of possession of
burglary tools and attempted breaking and entering
of a business place with intent to commit larceny.
Defendant appeals.   Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Sidney Kraizman,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and Van Valkenburg,* JJ.

Holbrook, J. In this cause defendant Herman Brown and his codefendant, Edward Lewis Manuel, were tried on October 26, 1970, in the Recorder's Court for the City of Detroit before a jury on charges of possession of burglary tools and attempted breaking and entering of a business place with intent to commit larceny therein contrary to MCLA 750.116, 750.110, 750.92; MSA 28.311, 28.305, 28.287. Edward Lewis Manuel was found not guilty. Defendant Herman Brown was found guilty of both offenses and sentenced to prison terms of 7 to 10 years and 3-1/2 to 5 years, respectively.

On this appeal three issues are raised by defendant. After a careful review of the record, we determine that two of these issues are without merit. We restate the remaining issue:

Was reversible error committed by the trial court in admitting the preliminary examination testimony of the *res gestae* witness Sergeant Charrier, without a prior showing by the prosecuting attorney that due diligence had been exerted to produce the witness at trial?

The rule of law concerning production of *res gestae* witnesses indorsed on the information is stated in the case of *People v Zabijak,* 285 Mich 164, 171–172 (1938), as follows:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Due diligence must be shown by the prosecutor to produce witnesses whose names are indorsed on the information, and where they are material witnesses, it is the duty of the prosecutor to have subpoenas issued, and use other means at hand to have the witnesses present at the trial. *People* v *Van-Vorce,* 240 Mich 75 (1927)."

Also see, *People* v *Moore,* 306 Mich 29 (1943); *People* v *O'Dell,* 10 Mich App 87 (1968); and *People* v *Kern,* 6 Mich App 406 (1967).

The pertinent facts indicate notice was given by the court to the respective parties on August 26, 1970, setting the case down for trial commencing October 26, 1970. The two defendants were represented at trial by different counsel. The only testimony presented to the court in the presence of the jury concerning the availability of the *res gestae* witness, Sergeant Charrier, was given by the only other *res gestae* witness, fellow-officer Sergeant Robert Kinzel, who testified in part as follows:

"*Q.* You were on duty April 28, 1970, at about 5 o'clock or 5:30 in the morning?

"*A.* I was.

"*Q.* Where were you?

"*A.* I was in a scout car with Sergeant Leroy Charrier.

"*Q.* Where is Leroy Charrier today?

"*A.* I don't know exactly. He was traveling in Nevada.

"*Q.* Somewhere in Nevada?

"*A.* Yes.

"*Q.* He is not available today?

"*A.* No, he is not."

The following occurred before the court in the absence of the jury:

*"Mr. LaBret [assistant prosecutor]*: Your Honor, we have something before the jury comes out.

"Your Honor, Sergeant Charrier, the partner of the previous witness, is somewhere between Laramie, Wyoming, and points west; but we have available the transcript of the examination where he testified, and he was examined and cross-examined in excruciating detail.

"The people would like to have permission to have the testimony read into the record pursuant to the statute.

*"Mr. Tukel [defendant Brown's counsel]*: Which statute?

*"The Court:* \* \* \* It is 768.26, which reads as follows:

"Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony cannot for any reason be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify.

*"Mrs. Borman [defendant Manuel's counsel]*: I would like to object to the nonproduction of the police officer.

*"The Court:* All right. There is an instruction on that. I will give it at the proper time to the jury.

"Anything else?

\*     \*     \*

*"Mrs. Borman:* I am objecting to the nonproduction of the police officer. I believe that his absence is crucial. The whole case is based on the observation of the two police officers, who were the only witnesses. It is very material and the introduction of the transcript does not satisfy his privilege of confrontation and takes away the right of cross-examination.

*"The Court:* The objection is noted. I will overrule the objection."

Immediately thereafter the preliminary examination transcript of Sergeant Charrier was read to the jury.

In the case of *Barber* v *Page,* 390 US 719, 724, 725; 88 S Ct 1318, 1322; 20 L Ed 2d 255, 260 (1968), the United States Supreme Court ruled that:

"A witness is not 'unavailable' for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial."

The *Barber* Court held that, since "the state made absolutely no effort to obtain the presence of Woods [the witness] at trial other than to ascertain that he was in a federal prison outside Oklahoma", the state failed to make a good-faith effort to obtain the presence of such witness at trial, and therefore, the testimony of such witness taken at the preliminary examination should not have been introduced at defendant's trial. The holding in *Barber* was given retroactive application in *Berger* v *California,* 393 US 314; 89 S Ct 540; 21 L Ed 2d 508 (1969).

Now it is true as the people contend that the statute, MCLA 768.26; MSA 28.1049, permits the prosecution to use a witness's testimony taken at a preliminary examination to be admitted into evidence at trial "whenever the witness giving such testimony cannot, for any reason, be produced at the trial." This provision is subject to the protection of the United States Constitution and the Michigan Constitution which gives a defendant the right to be confronted by a *res gestae* witness including the right of cross-examination. *Barber* v *Page, supra; People* v *Zabijak, supra.*

The prosecuting attorney in the instant case had a duty to show due diligence and a good-faith effort to obtain the presence of the necessary and impor-

tant *res gestae* witness, before his absence could have been excused and his preliminary examination testimony introduced at trial as provided in MCLA 768.26; MSA 28.1049.

We determine that the defendant had a right to have the indorsed *res gestae* witness present at trial because he was one of only two *res gestae* witnesses who purportedly viewed the crime. His testimony at the preliminary examination was highly damaging to the defendant, and the fact that Sergeant Charrier may have been subject to cross-examination at the preliminary examination does not satisfy the right to confrontation since that right also includes "the occasion for the jury to weigh the demeanor of the witness". *Barber* v *Page, supra; People* v *Nieto,* 33 Mich App 535, 538 (1971).

The people claim that because defendant Manuel's attorney made the objection to the nonproduction of the witness and defendant's attorney failed to make a similar objection, the error is waived by defendant Brown's silence. We do not agree. The defendants were jointly tried and the valid objection by the one defendant concerning a constitutional right when overruled by the court inures to the benefit of both defendants.

The transcript fails to disclose that the prosecuting attorney exerted any diligence or made any efforts to insure the presence of Sergeant Charrier at the trial. The contrary is indicated by the trial court record which discloses that the people had 60 days' notice of the trial date and the witness, being a Detroit police officer, could have been notified to be present or, if necessary, subpoenaed.

The people contend that there is no error here because the court submitted the question of due diligence to the jury. *People* v *Kern, supra; People*

v *Todaro*, 253 Mich 367 (1931). This issue could not be determined by the jury because there was absolutely no showing by the prosecuting attorney that he had exerted any diligence or good-faith effort to secure the presence of the witness at trial.

Reversed and remanded for new trial.

All concurred.