PEOPLE v BOHHON

CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—PRODUCTION—
DILIGENCE.

Prosecution did not exercise due diligence in attempting to produce a *res gestae* witness indorsed on the information where the prosecution showed only that the witness refused to open the door of her home when police officers attempted to serve her with a subpoena.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 January 11, 1972, at Detroit. (Docket No. 11142.)   Decided March 23, 1972.

King Bohhon was convicted of assault with intent to do great bodily harm less than murder.   Defendant appeals.   Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur 2d, New Trial §§ 40, 41.

J. H. GILLIS, J.    Defendant was charged with as-
sault with intent to murder, MCLA 750.83; MSA
28.278, and after a jury trial was convicted of assault
with intent to do great bodily harm less than murder,
MCLA 750.84; MSA 28.279.

Corine Butts, the complaining witness, who lived
with the defendant, testified that the defendant shot
her after he had been drinking, that the defendant
had previously "cut" her, and that she did not shoot
herself.    The defense contended that the complain-
ant shot herself.

Four issues are raised on appeal.

First, the defendant alleges that prejudicial re-
marks were made by the prosecuting attorney in his
closing argument to the jury.    The concluding argu-
ment of the prosecutor was as follows:

"Members of the jury, I think this case is similar
to a great big mountain range.    It's there, solid and
substantial, and when the clouds come, the fog comes,
the mountain range is hidden from view.    But when
the wind blows the clouds drift away, and the moun-
tain range is still there.    I think when we disband,
after examining the facts and the testimony, the fog
created by the defense, you will still see the facts
there.    The facts of the assault, the facts of the
injury, they can't be explained away by some pre-
posterous stretching of the imagination."

We fail to see where this argument was improper
in light of the total record.

Second, the defendant contends that the court
committed reversible error in ruling that the people
exercised due diligence in attempting to produce a
*res gestae* witness indorsed on the information.    The
defense did not waive, and in fact specifically de-
manded, the production of the missing witness.    The
prosecution made a showing that the witness refused
to open the door of her home when police officers
attempted to serve her with a subpoena.    We hold

that these facts do not constitute a showing of due diligence, and on the authority of *People* v *Tees*, 386 Mich 483 (1971), citing *Barber* v *Page*, 390 US 719; 88 S Ct 1318; 20 L Ed 2d 255 (1968), and *Berger* v *California*, 393 US 314; 89 S Ct 540; 21 L Ed 2d 508 (1969), we reverse.

The defendant further contends that prejudicial error occurred when the complaining witness testified that four years prior to trial the defendant "cut" her on her neck and that she was hospitalized for three or four days. No objection was made to this testimony and the issue cannot be raised for the first time on appeal.

The final contention of reversible error is that defendant was denied due process of law and his constitutional right to counsel due to the ineffective assistance of his trial attorney. We find no basis of support in the record for this proposition.

Reversed for a new trial for the reasons hereinabove set forth.

All concurred.