Liston F. Coon, J.
This is a motion pursuant to CPL article 670 to use on retrial of the defendant testimony given by a witness at the prior trial.
Defendant was first tried in 1962 and convicted of murder in the second degree. He is now before the court for retrial as a result of having had that conviction overturned in Federal habeas corpus proceedings (United States ex rel. Graham v. Mancusi, 457 F. 2d 463).
The testimony sought to be used is that of the pathologist who performed the autopsy on the body of the deceased. He is now on the staff of a hospital in Savannah, Georgia.
CPL 670.10 provides that use of prior testimony may be authorized in a subsequent proceeding where the witness is unable to attend 1 ‘ by reason of death, illness or incapacity, or cannot with due diligence be found, or is outside the state or in federal custody and cannot with due diligence be brought before the court.”
In interpreting the last portion of the above provision the requirement of due diligence is construed to apply to out-of-State witnesses as well as to those in Federal custody.
*568 Important to the determination here is GPL article 640 known as the “ Uniform Act to Secure Attendance of Witnesses Prom Without the State in Criminal Cases The court takes judicial notice of the fact that the State of Georgia has not adopted the uniform act. (See table, McKinney’s Cons. Laws of N. Y., Book HA, CPL [pt. 4], p. 175.)
At the hearing on this motion the District Attorney has filed an affidavit deposing that he has talked on the telephone with the medical witness who states that he will not return voluntarily and will ignore any subpoena. In fact a subpoena has been served upon the doctor in Georgia and the proof of service states that the doctor indicated to the process server that he would not obey its command. It further appears that the witness has retained counsel in Georgia who has advised the District Attorney that he has advised the doctor that he cannot be compelled to return to this State.
The argument is made that the pathologist is the sole pathologist for the hospital he serves and that the administrator of the hospital has refused any leave of absence. The court rejects that argument as a basis for relief here. That is, however, not the issue. The issue is the extent of diligence exercised by the People in seeking to produce the witness in person.
Defense counsel contend that the defendant is being denied the right of confrontation under the Sixth Amendment of the United States Constitution. Reliance is placed upon Barber v. Page (390 U. S. 719 [1968]) which held that the State must demonstrate that all available means have been exhausted to bring the witness before the court. The case of Berger v. California (393 U. S. 314 [1969]) is also cited, which holds Barber to be retroactive.
This court recognizes the basic importance of a defendant’s being able to confront and cross-examine in open court those whose testimony may be inimical to his interests, not only in an initial prosecution but also where he is tried the second time. This is especially true in a homicide trial where a pathologist is a key witness in the prosecution’s case.
Nevertheless, it is difficult to imagine here what additional efforts the People might pursue. The desired witness is out of State and one thousand miles away. He resists any importunings that he voluntarily return, indicates that he will spurn process and compulsory attendance under the uniform act is not available.
The facts in the cases of Barber (390 U. S. 719, supra) and Berger (393 U. S. 314, supra), relied upon by the defense, are *569 quite different from the situation here. In the former the prosecution made no effort to secure the attendance of the needed witness incarcerated in another State. In the latter case only a relative of the witness was contacted. Furthermore, in each instance, the testimony sought to be used was that adduced at a preliminary hearing. The court in Barber took due cognizance of that fact when it said, ‘ ‘ A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial.” (390 U. S., at p. 725).
In Pointer v. Texas (380 U. S. 400 [1965]), the case which originally held the confrontation clause to be binding upon the States through the Fourteenth Amendment, the United States Supreme Court was also confronted with a situation involving the use of the testimony of a witness adduced at a preliminary hearing. Although reversing the conviction in that case, the court stated, “ The case before us would be quite a different one had Phillips ’ statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine.” (380 U. S., at p. 407).
There was no lack of opportunity for confrontation here. At the first trial the defendant was represented by competent counsel of long experience. The cross-examination of the pathologist covers over 100 transcript pages in the record. A reading of that testimony demonstrates a thorough and searching cross-examination based upon an extraordinary fund of knowledge in the field of pathology and autopsy technique on the part of counsel.
Lastly, special circumstances contribute to the result here. In setting aside the prior conviction, the Federal court mandated that if retrial be had it must take place within 60 days. We are on the eve of that trial and the decretive deadline. The prosecution is simply not in a position to seek a continuance for the purpose of pursuing persuasive measures through professional pressure as the defense suggests.
On the merits, the court finds that the prosecution has made a good-faith and diligent effort to secure the presence of the witness. The pathologist’s prior testimony may be used on the grounds that he is out of State and cannot with due diligence be brought before the court.