Robert L. STEELE, et al.,
Petitioners-Appellees,

v.

Terry D. TAYLOR, Sup't., et al.,
Respondents-Appellants.

No. 81–3264.

United States Court of Appeals,
Sixth Circuit.

Dec. 30, 1982.

Simon B. Karas, Asst. Atty. Gen., Columbus, Ohio, Albin Lipold, Asst. Pros. Atty., Cuyahoga County, Cleveland, Ohio, for respondents-appellants.

Leonard W. Yelsky, Angelo F. Lonardo, Yelsky, Singer & Lonardo, Cleveland, Ohio, for Steele.

Ralph D. Sperli, Cleveland, Ohio, for O.J. Kilbane.

Mark R. Devan, Cleveland, Ohio, for M. Kilbane.

ORDER

The court having by previous order denied the appellees' petitions for rehearing en banc;

It is now ORDERED that that order be supplemented with the attached dissent of Circuit Judge Jones.

NATHANIEL R. JONES, Circuit Judge, dissenting.

I dissent from the Court's refusal to grant a rehearing en banc in this case.

The district court, in my judgment, was correct both in its application of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) to the facts here and in concluding that Carol Braun's statement did not meet the *Roberts* "indicia of reliability" requirement. Moreover, a close examination of the record convinces me that there is insufficient evidence in the record to support the court's finding that the defendants procured the witness's absence. That factual determination was essential to the court's holding that the defendants waived the constitutional right to confrontation; yet the lack of evidence was glossed over to a wholly unacceptable degree. The full Court errs in refusing to grant a rehearing and reverse the panel's 2–1 decision. 684 F.2d 1193.

Carol Braun's key statement, which was admitted against the petitioner, had a strong aura of unreliability. It was given to agents of the FBI by the wife of a defendant, a full seven years after the crime. Even more, it was offered after she had left him "once and for all" and had expressed her desire to "put him away." At trial, Braun refused to testify by claiming the marital privilege, given that she had, by that time, returned to the bed and board of that defendant. Given these facts, I find incredible the panel majority's claim that the statement has the indicia of reliability required by *Ohio v. Roberts.*

The panel majority insists in justifying the result reached here by stating that courts have admitted extrajudicial statements when the defendant has procured the absence of the witness. I note, however, that not one of the cases cited in footnote 10 of the majority opinion admits evidence that even approaches the degree of, or has the elements of unreliability as, Braun's statement. The cited cases admit either prior testimony given at a pretrial hearing or before a grand jury, or permit out-of-court statements to be read to a witness, who is refusing to testify, for the purpose of refreshing his or her recollection. Not a single case admits an extrajudicial statement taken by law enforcement agents in a context that suggests the witness had a motive for lying. The majority's assertion that the witness was making an admission against interest does not span the enormously wide chasm which exists between the statement and the standard of reliability dictated by *Roberts.*

Moreover, I cannot agree that the correct standard was applied by the panel majority in assaying whether the unavailability of the witness was induced by the defendants. Given the crucial role such a ruling would play in the outcome of the trial, the construction of a "preponderance" rather than "clear and convincing" standard flies in the face of reason. Only the strongest proof of obstruction should suffice to admit a statement under these circumstances. It is noteworthy that the Fifth Circuit has rejected the weaker preponderance test for the more demanding clear and convincing standard. *United States v. Thevis*, 665 F.2d 616 (5th Cir.1982).

Even if arguably it could be believed that the defendant procured the witness's absence, this would not allow the Court to write the reliability requirement out of the Sixth Amendment hearsay exception. While there are no doubt sanctions available for dealing with such an event, amending the Constitution by evidentiary rulings which threaten the integrity of the truth finding process is not one of them. We still must deal with the admonition reiterated in *Roberts*:

> The Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that "a primary interest secured by (the provision) is the right of cross-examination." *Douglas v. Alabama*, 380 U.S. 415, 418 [85 S.Ct. 1074, 1076, 13 L.Ed.2d 934] (1965). In short, the Clause envisions
>
> > a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of com-

pelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief. *Mattox v. United States,* 156 U.S. [237], at 242–243 [15 S.Ct. 337, 339, 36 L.Ed. 917].

These means of testing accuracy are so important that the absence of proper confrontation at trial "calls into question the ultimate 'integrity of the factfinding process.'" *Chambers v. Mississippi,* 410 U.S. 284, 295 [93 S.Ct. 1038, 1045, 35 L.Ed.2d 297] (1973), quoting *Berger v. California,* 393 U.S. 314, 315 [89 S.Ct. 540, 541, 21 L.Ed.2d 508] (1969). 448 U.S. 63–4, 100 S.Ct. at 2537–38 (emphasis added).

Though *Roberts* does, in limited circumstances, allow admissibility when cross-examination is not available, the Court made clear that when such a statement does not fall within one of the normal hearsay exceptions, as here, the "evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." 448 U.S. at 66, 100 S.Ct. at 2539.

It is the failure of this Court to face up squarely to *Roberts* that compels me to dissent.