**Ex parte Michael Almer HEMBY.**

No. 70030.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1989.

Rehearing Denied March 1, 1989.

John D. MacDonald, II, New Caney, for appellant.

Peter Speers, Dist. Atty. and Mary Ann Turner, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

This is a postconviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Applicant was convicted on May 8, 1985, of the offense of sexual assault of a child under 14 years of age, a first degree felony. V.T.C.A. Penal Code, § 22.021(a)(5). His punishment, enhanced by one prior felony conviction, was assessed by the trial court at 30 years confinement in the Texas Department of Corrections. His conviction was affirmed in an unpublished opinion of the Beaumont Court of Appeals on June 25, 1986.

Applicant alleges a videotaped interview of the complainant was admitted into evidence during his trial pursuant to Article 38.071 § 2, V.A.C.C.P., over his timely objection, and that "the taped testimony was instrumental in obtaining [his] conviction." The minor victim was not required to testify. Admission of this evidence was error, applicant contends, in that it deprived him of his right to confront his accuser, under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Texas Constitution, and of his rights to due process and due course of law, guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 19 of the Texas Constitution, respectively. He prays an evidentiary hearing be held to substantiate his allegations.

In reply the State has conceded that applicant's factual allegations are true, and maintains that an evidentiary hearing is thus obviated. The State asserts that, assuming this Court's decision in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), withstands motion for rehearing, which was pending at the time its response was filed, all that would be presented before this Court is a question of law, *viz:* whether *Long* should be given retroactive effect to those cases for which all direct appellate avenues had been exhausted before the date of that decision. Relying on the rule of retroactivity announced in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and reiterated recently in *Allen v. Hardy*, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986),* the State argues the question should be answered in the negative.

We subsequently denied rehearing in *Long*, and certiorari has been denied. Thus we proceed to the issue of retroactivity.

In *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the United States Supreme Court first recognized that retrospective application of new constitutional rules of criminal procedure was neither required nor prohibited by constitutional precepts. Rather, the Court deemed it necessary to "weigh the merits and demerits [of retroactivity] in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Id.*, 381 U.S. at 629, 85 S.Ct. at 1738, 14 L.Ed.2d at 608. In *Stovall v. Denno*, supra, the Court subsequently distilled from the language of *Linkletter* a three-pronged test, inquiring into "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970, 18 L.Ed.2d at 1203. Without elaboration, the State asserts that application of this test to our holding in *Long v. State*, supra, militates against retroactivity. We disagree.

The Supreme Court has made clear in cases subsequent to *Stovall* that the three prongs of the test do not carry equal weight in making the assessment of retroactivity, *vel non*. Rather, "[f]oremost among these factors is the purpose to be served by the new constitutional rule." *Desist v. United States*, 394 U.S. 244, 249, 89 S.Ct. 1030, 1033, 22 L.Ed.2d 248, 255 (1969). Accordingly, the Court has "relied heavily on the factors of the extent of reliance and the consequent burden on the administration of justice only when the purpose of the rule in question did not clearly favor either retroactivity or prospectivity." *Id.*, 394 U.S. at 251, 89 S.Ct. at 1035, 22 L.Ed.2d at 257; *Ex Parte Reynolds*, 588 S.W.2d 900, 903 (Tex.Cr.App.1979). "Where the major purpose of new constitu-

---

* The Supreme Court has unequivocally rejected application of the *Stovall* test for determining retroactivity of new constitutional rules of criminal procedure to cases pending on direct review when the new rule is announced. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Cf. *United States v. John-*

son, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). Presumably the test still prevails, however, to determine retroactivity of new rules to cases that were "final" at that time. *Allen v. Hardy*, supra. Cf. *Solem v. Stumes*, 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984).

tional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect." *Williams v. United States*, 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388, 395 (1971) (Plurality opinion). See also *Brown v. Louisiana*, 447 U.S. 323, 329 n. 6, 100 S.Ct. 2214, 2220 n. 6, 65 L.Ed.2d 159, 166 n. 6 (1980) (Plurality opinion). Rules which only incidentally or indirectly impact the truth-finding function, however, have not been given retroactive effect. E.g. *Adams v. Illinois*, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

In a number of decisions since *Stovall v. Denno*, supra, the Supreme Court has found that certain of its new constitutional rules of criminal procedure did indeed go to the heart of the truth-finding function, and thus merited full retroactive effect. In *Ivan V. v. City of New York*, 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972), the Court mandated complete retroactivity to the rule announced in *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Not surprisingly, in view of *Ivan V.*, the Court later ruled, in *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), that *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), must likewise be applied retroactively. In *Brown v. Louisiana*, supra, a plurality of the Court regarded the rule in *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), that conviction for a nonpetty criminal offense by a nonunanimous jury of six violates the Sixth Amendment right to a jury trial, to implicate "the fairness of the trial—the very integrity of the fact-finding process." *Id.*, 447 U.S. at 334, 100 S.Ct. at 2223, 65 L.Ed.2d at 169, quoting *Linkletter v. Walker*, 381 U.S. at 639, 85 S.Ct. at 1743, 14 L.Ed.2d at 614. Therefore the rule was deemed to apply retroactively.

Most significantly, in *Roberts v. Russell*, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), the Supreme Court held retroactive the rule it had announced three weeks earlier in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). There the Court had held that admission of the confession of a codefendant implicating the accused at a joint trial served to violate his constitutional right to confrontation. Quoting from *Linkletter v. Walker*, supra, the Court found in *Roberts*, supra, that this "error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [accused] a fair determination' of his guilt or innocence." 392 U.S. at 294, 88 S.Ct. at 1922, 20 L.Ed.2d 1100. See also *Berger v. California*, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969) (Per curiam opinion finding *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255 (1968), which held the right of confrontation requires the prosecution to make a good faith effort to obtain the presence of a witness before it can predicate admission of his preliminary hearing testimony on his absence, to be fully retroactive). We think the same may fairly be said of the constitutional deficiencies identified in *Long v. State*, supra.

In *Long* the Court found Article 38.071, § 2, supra, to be deficient in three respects. First, it is overbroad in that, rather than allowing for a case by case determination whether any trauma to a child victim in having to testify would effectively render him "unavailable," § 2 of Article 38.071 "assumes that confrontation in a particular class of cases will produce unnecessary trauma." 742 S.W.2d at 317. Second, it does not provide for an opportunity to crossexamine the child victim contemporaneously with the videotaped interview. For these two reasons we held the statute violative of Federal and State constitutional rights of confrontation. Third, we found it fundamentally unfair to impose upon the accused, as in many instances the statute would, the "Hobson's choice" between relinquishing his right to call the child victim to the stand in an effort to test his credibility (albeit after the fact of his videotaped testimony), and invoking that right but thereby risking the wrath of the factfinder for having subjected the child to the very trauma the statute is supposed to alleviate. Thus, we held it violative also of Federal

due process and State due course of law provisions. Each of these constitutional deficiencies, we indicated, seriously impacts "the ultimate integrity of the fact-finding process," quoting *Ohio v. Roberts*, 448 U.S. 56, 64, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 606 (1980). *Long v. State*, supra, at 312, 318, 322.

Accordingly, following the *Stovall* line of cases for determining retroactivity of Federal constitutional rulings, we hold that our decision in *Long v. State*, supra, is to be afforded complete retroactive effect. In so holding, we do not purport to mark the boundaries of retroactivity of new State constitutional rulings affecting criminal procedure; nor should we be understood necessarily to adopt the *Stovall* test for determining retroactivity to cases already through the appellate process on the date of decision of such new State constitutional rules. Having deemed that part of our holding in *Long* which relied on Federal constitutional provisions to have retroactive effect, however, surely we should not apply our comparable State provisions more parsimoniously.

That the videotaped statement was "instrumental in obtaining [a]pplicant's conviction" is another way of saying it in fact contributed to the jury's verdict in this cause, and was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Applicant is therefore entitled to relief. The judgment against him in cause number 17,755 is hereby set aside, and applicant is remanded to the custody of the sheriff of Montgomery County to answer to the indictment in said cause number. A copy of this opinion will be forwarded to the Texas Department of Corrections.

McCORMICK, P.J., and MILLER, WHITE and BERCHELMANN, JJ., dissent.