804 So.2d 442 (2001)
Jose ABREU, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2765.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Abreu's conviction and sentence. The state, at trial, introduced into evidence a transcript of testimony, given a month earlier in Abreu's first trial, in lieu of live testimony by a key witness, Jeffrey Eckman. The earlier trial ended in a mistrial due to a jury deadlock.
We conclude that the admission of the prior trial testimony, although authorized by the evidence code, in section 90.803(22), Florida Statutes (2000), violated Abreu's constitutional right to confront and cross-examine his accuser.
*443 Section 90.803(22) was amended in 1998 to read:
[T]he following [is] not inadmissible as evidence, even though the declarant is available as a witness:
* * *
(22) Former testimony.Former testimony given by the declarant which testimony was given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered ... had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination....
The amended version of section 90.803(22) stripped section 90.804(2)(a), Florida Statutes, of its requirement that the witness be unavailable.
Notwithstanding the amendment, we are mindful that the supreme court, in In re Amendments to Fla. Evid. Code, 782 So.2d 339, 340-42 (Fla.2000), declined to adopt the amended section as a rule of evidence. In doing so, and without addressing any issue as to whether the amendment was substantive or procedural, the court expressed "grave concerns about the constitutionality of the amendment." Id. at 342. The court's concern included the question, whether the amendment violates a defendant's right to confront adverse witnesses and would result in "trial by deposition," precluding the fact-finder from evaluating witness credibility. Id. at 341. The court also recognized an "inescapable conclusion that [the] amendment ... is an unacceptable change to a long-standing rule of evidence." Id. at 342.
We conclude that this section of the statute, as applied in criminal proceedings, is unconstitutional as a violation of the Sixth Amendment's confrontation clause. That provision of the constitution of the United States recognizes a defendant's right to confront, and be confronted by, the state's witnesses. Ohio v. Roberts, 448 U.S. 56, 63, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The United States Supreme Court has determined that the clause creates a preference for face-to-face confrontation and the right of cross-examination, stating:
In short, the Clause envisions "a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox v. United States, [156 U.S. 237, 242-43, 15 S.Ct. 337, 39 L.Ed. 409 (1895)]. These means of testing accuracy are so important that the absence of proper confrontation at trial "calls into question the ultimate `integrity of the fact-finding process.'" Chambers v. Mississippi, [410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973)] (quoting Berger v. California, [393 U.S. 314, 315, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969)]).
Id. at 63-64, 100 S.Ct. 2531.
We recognize that this preference for face-to-face confrontation is read in light of a rule of necessity. Id. at 64, 100 S.Ct. 2531. Historically, this means that the state must produce evidence of, or demonstrate the unavailability of, a declarant whose statement it wishes to admit into evidence. Id. Upon doing so, the prosecution may then show that the statement possesses the adequate indicia of reliability. See id. at 73, 100 S.Ct. 2531. See also Barber v. Page, 390 U.S. 719, 720, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968) (acknowledging that an exception to the confrontation requirement exists where the witness is unavailable and has been cross-examined *444 by the defendant at prior judicial proceeding).
In this case, however, it is clear that the state made no effort to secure Eckman's attendance at the trial and made no effort to demonstrate that Eckman was unavailable. Although there is an indication that the witness may have been ill at the time of the first trial, there is no such information concerning his physical condition at the time of the second trial or of any reasonable effort to secure his attendance. To the contrary, there is an indication that Eckman may have been reluctant to attend the second trial because he did not care for his earlier hotel accommodations. The witnesses' reluctance, taken alone, however, does not sufficiently demonstrate present unavailability. See Lawrence v. State, 691 So.2d 1068, 1073 (Fla. 1997).
In Barber, the state's evidence included the prior testimony of an out-of-state prisoner. The Supreme Court stated:
[A] witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial. The State made no such effort here, and, so far as this record reveals, the sole reason why Woods was not present to testify in person was because the State did not attempt to seek his presence. The right of confrontation may not be dispensed with so lightly.
Barber, 390 U.S. at 724-25, 88 S.Ct. 1318.
In Roberts, the state sought to use evidence of the testimony of an absent witness given at a preliminary hearing, without establishing the unavailability of the witness. The Supreme Court stated:
In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability."
Roberts, 448 U.S. at 66, 100 S.Ct. 2531. The Court also recognized that "[t]he ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness. As with other evidentiary proponents, the prosecution bears the burden of establishing this predicate." Roberts, 448 U.S. at 74-75, 100 S.Ct. 2531.
In United States v. Inadi, 475 U.S. 387, 394, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), the Supreme Court stated:
There are good reasons why the unavailability rule, developed in cases involving former testimony, is not applicable to co-conspirators' out-of-court statements.... When two versions of the same evidence are available, longstanding principles of law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence.

Id. (emphasis added).
It is, therefore, clear that live testimony may not be constitutionally supplanted with former testimony in criminal cases absent a showing of unavailability. The significance of this right is highlighted by the circumstance, here, that at the first trial, jurors could judge Eckman's demeanor, and some of those jurors voted to acquit.
As we deem section 90.803(22) unconstitutional in criminal cases, and as there was no showing that the state's witness was unavailable, the use of the prior testimony violated Abreu's right to confront and cross-examine the adverse witness. As to all other issues raised, we find no error or *445 abuse of discretion. The judgment is reversed and we remand for new trial.
WARNER and TAYLOR, JJ., concur.