830 So.2d 854 (2002)
Robert R. JONES, Jr., as Personal Representative of the Estate of Suzanne M. Jones, deceased, Appellant/Cross-Appellee,
v.
R.J. REYNOLDS TOBACCO COMPANY, Appellee/Cross-Appellant.
No. 2D01-412.
District Court of Appeal of Florida, Second District.
August 30, 2002.
Rehearing Denied October 14, 2002.
*855 Howard M. Acosta, St. Petersburg; Gregory H. Maxwell of Spohrer, Wilner, Maxwell & Matthews, P.A., Jacksonville; and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellant/Cross-Appellee.
Stephanie E. Parker of Jones, Day, Reavis & Pogue, Atlanta; and Benjamin H. Hill, III, Troy A. Fuhrman, and Marie A. Borland of Hill, Ward & Henderson, Tampa, for Appellee/Cross-Appellant.
ALTENBERND, Judge.
Robert R. Jones, Jr., as Personal Representative of the Estate of Suzanne M. Jones, appeals an order granting a new trial to the defendant, R.J. Reynolds Tobacco Company ("R.J. Reynolds"), in a wrongful death action. The jury returned a verdict granting Jones $200,028.57. We affirm.
After Suzanne Jones died of lung cancer in 1995, her personal representative brought this lawsuit against the manufacturers of the cigarettes Ms. Jones had smoked for over forty years and the store that sold them to her. At trial, the only remaining defendant was R.J. Reynolds, and the case proceeded on the theories of negligence, defective design, and conspiracy to defraud. During the seven-week trial, the trial court admitted into evidence, at the plaintiff's request, the transcripts from four depositions of witnesses taken in other tobacco litigation pursuant to section 90.803(22), Florida Statutes (2000).[1] Shortly after the verdict, the supreme court issued its opinion in In re Amendments to the Florida Evidence Code, 782 So.2d 339, 342 (Fla.2000), refusing to adopt section 90.803(22) as a rule of evidence, expressing "grave concerns" about the statute's constitutionality. Based upon this precedent and the trial judge's own expressed concerns about the use of the depositions at trial, the trial court granted R.J. Reynolds' motion for new trial.
During the pendency of this appeal, the Fourth District held this statute unconstitutional as applied in a criminal case, see Abreu v. State, 804 So.2d 442 (Fla. 4th DCA 2001), and the First District declared this statute facially unconstitutional, Grabau v. Department of Health, 816 So.2d 701 (Fla. 1st DCA 2002). We conclude that the trial court did not err by granting new trial based upon the legitimate questions regarding whether the depositions were appropriately admitted. As a result of this ruling, we decline to review the issues raised in the cross-appeal.
We recognize that Abreu was a criminal case and Grabau involved a revocation of a professional license. Thus, those two cases had more serious constitutional implications for the defendants than this civil suit for damages due to wrongful death. Moreover, in this case, R.J. Reynolds had actively participated in each deposition with the expectation that the depositions would be used at similar trials to prove similar claims. As such, this type of mass tort litigation presents far fewer concerns regarding due process than the cases of *856 Abreu or Grabau. If there is any constitutional application of a rule such as section 90.803(22), it may be in this context. Nevertheless, the Florida Supreme Court has refused to adopt the rule in its present form, and the trial judge was in the best position to evaluate any concerns over the use of these depositions and their potential impact on the trial.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., concur.
NOTES
[1] Section 90.803(22) was enacted in 1998. Ch. 98-2, § 1, Laws of Fla.