837 So.2d 400 (2003)
STATE of Florida, Appellant,
v.
Jose ABREU, Appellee.
No. SC01-2596.
Supreme Court of Florida.
January 9, 2003.
Charlie Crist, Attorney General, Celia A. Terenzio, Bureau Chief, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, FL, for Appellant.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Appellee.
WELLS, J.
We have on appeal Abreu v. State, 804 So.2d 442 (Fla. 4th DCA 2001), a decision of the Fourth District Court of Appeal declaring invalid a state statute. We have jurisdiction, see art. V, § 3(b)(1), Fla. *401 Const., and conclude that section 90.803(22), Florida Statutes (1999), is unconstitutional in criminal proceedings to the extent that it allows the prosecutor to use at trial a witness's testimony from a previous judicial proceeding without a showing by the prosecutor that the witness is unavailable. We affirm the Fourth District's decision in Abreu.
Appellee Jose Abreu was charged with and subsequently convicted of burglary of a dwelling. During the first trial, Jeffrey Eckman was the State's key witness, and he testified in person. Abreu's first trial ended in a mistrial declared after the jury deadlocked. On retrial, the trial court granted the State's request pursuant to section 90.803(22), Florida Statutes (1999), to present Eckman's testimony from the first trial in lieu of his live testimony. Abreu repeatedly objected to the presentation of the former testimony and asserted that the Sixth Amendment of the United States Constitution and article I, section 16(a) of the Florida Constitution guaranteed him the right to confront his accuser. Over Abreu's objection, Eckman's former trial testimony was read to the jury.
Eckman, who was apparently ill, moved out of the state after the crime occurred but before the first trial. The prosecutor secured Eckman's presence for the first trial. The record from Abreu's second trial reveals that the prosecutor told the trial judge that Eckman had become uncooperative and it was unlikely that Eckman would return to Florida for the retrial. The State, however, did not attempt to have Eckman declared unavailable for purposes of the retrial, and the record does not contain any supporting documentation that the State attempted to secure Eckman's attendance for the retrial. The record also reveals no express finding by the trial court that Eckman was unavailable.
Abreu appealed the admission of the former testimony. The Fourth District agreed with Abreu's objections, reversed his conviction, and remanded for a new trial. Abreu, 804 So.2d at 444-45. That court determined that a 1998 amendment to section 90.803(22) effectively removed the unavailability requirement of section 90.804(2)(a), Florida Statutes (1999), as a prerequisite to the use of former testimony in lieu of live testimony. See Abreu, 804 So.2d at 443. Prior to 1998, only section 90.804(2)(a) governed the admission of former testimony in criminal proceedings, and it required that the witness be unavailable. At the same time, section 90.803(22) allowed the admission, notwithstanding a declarant's availability, of "[f]ormer testimony given by the declarant at a civil trial, when used in a retrial of said trial involving identical parties and the same facts." The 1998 amendment, however, greatly expanded the scope of section 90.803(22) to allow, notwithstanding a declarant's availability, the admission of
[f]ormer testimony given by the declarant which testimony was given as a witness at another hearing of the same or a different proceeding ... if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, or a person with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination....
This amendment appeared to allow the introduction of former testimony at not only civil but also criminal trials without a showing of unavailability. After reviewing federal Sixth Amendment jurisprudence, however, the Fourth District concluded that "live testimony may not be constitutionally supplanted with former testimony in criminal cases absent a showing of unavailability." Id. at 444. Based upon this conclusion, the Fourth District held section *402 90.803(22) unconstitutional as applied in all criminal cases, absent a showing of unavailability. Id.
In the instant case, the record does not show that the prosecutor demonstrated or even asked the trial court to declare that witness Eckman was unavailable for the second trial. Thus, the issue before this Court is whether section 90.803(22) is contrary to the Sixth Amendment of the United States Constitution by authorizing the use of a witness's testimony from a previous judicial proceeding in the trial of a criminal defendant in the absence of demonstrated unavailability.
The Sixth Amendment of the United States Constitution states in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Supreme Court of the United States has stated that the Sixth Amendment requires that witnesses generally must testify in person. However, the Court has also held that former testimony may be used at trial when a witness is unavailable due to death. See Mattox v. United States, 156 U.S. 237, 242-44, 15 S.Ct. 337, 39 L.Ed. 409 (1895). The Court in Barber v. Page, 390 U.S. 719, 722, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), explained that prior to a finding by the trial court that a prosecutorial witness is unavailable for trial, the burden is on the State to demonstrate good-faith efforts at securing the witness's presence for trial. See also Berger v. California, 393 U.S. 314, 315, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969) ("[T]he absence of a witness from the jurisdiction would not justify the use at trial of preliminary hearing testimony unless the State had made a good-faith effort to secure the witness' presence.").
In Ohio v. Roberts, 448 U.S. 56, 65-66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court held that, based upon this constitutional requirement, a prosecutor must demonstrate a witness's unavailability prior to allowing at a trial former testimony from a previous judicial proceeding. In Roberts, the former testimony was garnered at a preliminary hearing, and the witness's preliminary hearing testimony was read to the jury at trial. The Supreme Court explained:
The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.
The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."
....
In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability."
Id. (emphasis added) (citations and footnote omitted).
We recognize that subsequently, in United States v. Inadi, 475 U.S. 387, 392-93, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), and White v. Illinois, 502 U.S. 346, 354, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), the *403 Court limited Roberts to a resolution of only the issue before the Court at that time and not as addressing all out-of-court statements. However, both Inadi and White expressly state that a showing of unavailability is constitutionally required by the Confrontation Clause of the Sixth Amendment where a prosecutor seeks to use former testimony from a previous judicial proceeding in lieu of live testimony. Inadi, 475 U.S. at 394, 106 S.Ct. 1121; White, 502 U.S. at 354, 112 S.Ct. 736.
The issue in Inadi was whether the Confrontation Clause requires the government to demonstrate that a nontestifying coconspirator is unavailable to testify as a prerequisite for admission of that coconspirator's out-of-court statements. Inadi, 475 U.S. at 388, 106 S.Ct. 1121. In addressing this claim, the Supreme Court limited the unavailability requirement of Roberts to the situation described in Roberts, i.e., testimony from a prior judicial proceeding proffered in place of live testimony at trial. Id. at 392-93, 106 S.Ct. 1121. The Supreme Court observed:
The Confrontation Clause analysis in Roberts focuses on those factors that come into play when the prosecution seeks to admit testimony from a prior judicial proceeding in place of live testimony at trial. See Fed. Rule Evid. 804(b)(1). In particular, the Roberts Court examined the requirement, found in a long line of Confrontation Clause cases involving prior testimony, that before such statements can be admitted the government must demonstrate that the declarant is unavailable. All of the cases cited in Roberts for this "unavailability rule" concern prior testimony. In particular, the Court focused on two cases, Barber and Mancusi, that directly "explored the issue of constitutional unavailability." 448 U.S. at 76, 100 S.Ct. 2531. Both cases specifically limited the unavailability requirement to prior testimony. Barber, supra, at 722, 88 S.Ct. 1318; Mancusi, supra, at 211, 92 S.Ct. 2308.

Roberts must be read consistently with the question it answered, the authority it cited, and its own facts. All of these indicate that Roberts simply reaffirmed a longstanding rule, foreshadowed in Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), established in Barber, and refined in a line of cases up through Roberts, that applies unavailability analysis to prior testimony.[n.] Roberts cannot fairly be read to stand for the radical proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable.
[n.] In federal court the unavailability rule for former trial testimony was established long before Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), in Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895).
Inadi, 475 U.S. at 393-94, 106 S.Ct. 1121 (citations omitted). Similarly, Roberts was again addressed in White, where the Court succinctly stated in respect to the requirement of unavailability:

Roberts stands for the proposition that unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding.
White, 502 U.S. at 354, 112 S.Ct. 736. Both Inadi and White make clear that Roberts requires a showing of unavailability prior to the admission at a criminal trial of former testimony adduced at a "prior judicial proceeding."
Moreover, this Court has likewise stated that a showing of "a substantial reason ... *404 why the original witness is not available" is a requirement to the use of prior testimony. Thompson v. State, 619 So.2d 261, 265 (Fla.1993); cf. Harrell v. State, 709 So.2d 1364, 1369 (Fla.1998) (requiring case-specific findings based on important state interests, public policies, or necessities of the case before satellite testimony is allowed as an exception to the Confrontation Clause).
The State attempts to distinguish Roberts and Barber from the instant case, however, by contending that the "prior judicial proceeding" in those cases was a preliminary hearing in which there was a significant question as to whether the defendants had been able to cross-examine the witness. In the instant case, the "prior judicial proceeding" was a prior trial where there was a full opportunity for cross-examination. Thus, according to the State, the rule from Roberts and Barber should not be applied to the instant situation because the full ability to develop cross-examination occurred at the former judicial proceeding.
The State's contention, however, is without merit. It must be remembered that Pointer was decided fifteen years prior to Roberts, and the main issue addressed in Pointer was whether the Confrontation Clause applied to the states under the Fourteenth Amendment. Thus, the focus of Pointer was not unavailability. Five years after the Pointer decision, and therefore before the Roberts decision, the Supreme Court in California v. Green, 399 U.S. 149, 165-66, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), discussed the quoted passage from Pointer and ascribed an unavailability requirement to it. In Green, as in Pointer, the "prior judicial testimony" was adduced at a preliminary hearing. Id. at 151, 90 S.Ct. 1930. Unlike Pointer, however, the circumstances of the preliminary hearing in Green "closely approximat[ed] those that surround a typical trial." Id. at 165, 90 S.Ct. 1930. The court in Green stressed the unavailability requirement:
This Court long ago held that admitting the prior testimony of an unavailable witness does not violate the Confrontation Clause. Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). That case involved testimony given at the defendant's first trial by a witness who had died by the time of the second trial, but we do not find the instant preliminary hearing significantly different from an actual trial to warrant distinguishing the two cases for purposes of the Confrontation Clause. Indeed, we indicated as much in Pointer v. Texas, 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), where we noted that "[t]he case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." And in Barber v. Page, 390 U.S. 719, 725-726, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), although noting that the preliminary hearing is ordinarily a less searching exploration into the merits of a case than a trial, we recognized that "there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause where the witness is shown to be actually unavailable...." In the present case respondent's counsel does not appear to have been significantly limited in any way in the scope or nature of his cross-examination of the witness Porter at the preliminary hearing. If Porter had died or was otherwise unavailable, the Confrontation Clause would not have been violated by admitting his testimony given at the *405 preliminary hearingthe right of cross-examination then afforded provides substantial compliance with the purposes behind the confrontation requirement, as long as the declarant's inability to give live testimony is in no way the fault of the State.

Id. at 165-66, 90 S.Ct. 1930 (emphasis added). Two years after Green, the Court in Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), addressed a situation where the prior judicial proceeding was a previous trial. The witness in the Mancusi case moved out of the country after the first trial and therefore was unavailable for the retrial. Id. at 209, 92 S.Ct. 2308. While not expressly stated in Mancusi, it appears the Court required a preliminary finding of unavailability prior to allowing the former trial testimony to be used at the retrial. The Court explained:
The witness Holm, consistently with the requirement of the Confrontation Clause, could have been and was found by the trial court to be unavailable at the time of the second trial. There was, therefore, no constitutional error in permitting his prior-recorded testimony to be read to the jury at that trial, and no constitutional infirmity in the judgment of conviction resulting from that trial....
Id. at 216, 92 S.Ct. 2308 (emphasis added).
The import of Green and Mancusi is that in both of those cases the "prior judicial proceeding" at issue involved full-scale cross-examination mirroring that in a trial. Indeed, the "prior judicial proceeding" in the Mancusi case was a former trial. The Green and Mancusi decisions linked an unavailability requirement to the use of the prior testimony, despite the former opportunity for full cross-examination, and thereby clarified the dicta in Pointer suggesting the contrary. It is in this context that the Roberts case was decided several years later.
Importantly, Roberts cited to Pointer, Green, and Mancusi. Roberts, 448 U.S. at 66, 100 S.Ct. 2531. Thus, tracing the etiology of the "prior judicial proceedings" in those cases, it is clear that the "prior judicial proceedings" referenced in Inadi and White included proceedings where full-scale cross-examination had occurred. Because the Supreme Court in Inadi and White stated that Roberts must be understood in the context of the authority on which it relied, the phrase "prior judicial proceedings" is sufficiently broad to cover testimony at a previous trial. Accordingly, the State's suggestion that Roberts and Barber do not apply to the instant case is without merit. When broadly stating that the rule from Roberts requires a showing of unavailability before admission of former testimony from "prior judicial proceedings," both Inadi and White contemplate the situation in the instant case where the proffered former testimony was adduced at a previous trial.
Lastly, we note that the State points to and we find no case law or statutes from other states that permit the use of former testimony at a criminal trial in the absence of a showing of unavailability. In fact, at least one other state supreme court has held specifically that significant cross-examination in a prior judicial proceeding is not enough to meet constitutional requirements because "[u]nder Barber and Roberts, unavailability is an essential ingredient of the Confrontation Clause when the proffered evidence is former testimony." State v. Medina, 178 Ariz. 570, 875 P.2d 803, 810 (1994).

CONCLUSION
Accordingly, we affirm the Fourth District's decision in Abreu. We conclude that Abreu's right to confrontation has *406 been violated in this case and that he is entitled to a new trial. We also hold that section 90.803(22) violates the Confrontation Clause of the Sixth Amendment in criminal proceedings to the extent that it allows the prosecutor to use at trial a witness's testimony from a previous judicial proceeding without a showing by the prosecutor that the witness is unavailable.
It is so ordered.
ANSTEAD, C.J., PARIENTE, LEWIS, and QUINCE, JJ., and SHAW and HARDING, Senior Justices, concur.