KLEIN, J.
The trial court granted the city’s motion for temporary injunction for protection against repeat violence which alleged that appellant had made verbal threats against city employees. We reverse because the injunction was based on hearsay evidence.
The trial court quoted in the injunction from the deposition of a psychiatrist, which had been taken in appellant’s workers’ compensation case, in which the psychiatrist testified that appellant had made threats, talked about his guns, and was a danger. Appellant objected on the ground of hearsay, but the trial court ruled that it would be admissible simply because it was a deposition of an expert. That ruling would have been proper if the deposition had been taken in this case. It was taken, however, in a proceeding involving different issues. It does not accordingly meet the requirements of the hearsay exception for former testimony, section 90.803(22), which requires that the party against whom the testimony is offered had the opportunity and motive to cross-examine the witness in the prior proceeding. The city did not establish that the deposition complied with these requirements.[1]
*1053 We also agree with appellant that the testimony of a witness that a workers’ compensation mediator had expressed concerns about threats made by appellant, was inadmissible as hearsay. The city argues that the mediator’s concerns were admissible as excited utterances; however, the trial court made no such finding and we cannot, on the basis of this record, assume that they were.
The court also erred in admitting a letter written by appellant’s workers’ compensation counsel, on the ground that the counsel was his agent. There was no showing that the harmful statement made by counsel was within the scope of her agency. § 90.803(18)(d), Fla. Stat. (2002).
We therefore reverse the temporary injunction.
GROSS and TAYLOR, JJ., concur.

. This statute was held unconstitutional in a criminal case, where the witness was not shown to be unavailable, as violative of the Confrontation Clause of the Sixth Amend *1053 ment. State v. Abreu, 837 So.2d 400 (Fla.2003). The statute has also been held to be unconstitutional because it violates Article V, Section 2(a) which vests the Florida Supreme Court with the sole authority to adopt rules for practice and procedure. Grabau v. Dep’t of Health, 816 So.2d 701 (Fla. 1st DCA 2002). The common law rule allowing the use of former testimony requires, among other things, that the issues are substantially the same in both cases and the witness is not available. Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984). That rule is codified in section 90.804(2)(a), which differs from section 90.803(22) in that the witness must be unavailable under section 90.804(2)(9). Our resolution of this issue does not require us to consider constitutionality-