[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 15, 2008
THOMAS K. KAHN
CLERK

No. 07-11072
Non-Argument Calendar

_____

D. C. Docket No. 06-00151-CV-ORL-19JGG

BRADLEY W. BOLAND,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 15, 2008)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Bradley Boland, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Boland argued that appellate counsel was ineffective for failing to argue on direct appeal that the trial court violated Boland's rights under the Confrontation Clause when it admitted testimony from his first trial at his second trial. We granted a certificate of appealability to resolve "[w]hether the district court erred in evaluating the prejudice prong of appellant's ineffective-assistance-of-appellate-counsel claim." Because it was not an unreasonable application of clearly established federal law for the Florida courts to conclude that the admission of the testimony was harmless error, we affirm.

## I. BACKGROUND

Boland was charged for the first degree murder of Christopher Hilbert. Boland was robbed at gunpoint and believed that Hilbert had participated in the robbery. Boland enlisted Michael Kurpiewski and Hilbert to help Boland move from his apartment but, after the two arrived at the apartment, Boland convinced Hilbert to assist him with a robbery. Kurpiewski left Boland and Hilbert on a remote road ostensibly to commit the robbery. When Kurpiewski returned, he saw Boland standing alone on the road holding a chrome semi-automatic handgun.

In response to Kurpiewski's inquiries about Hilbert, Boland said that it was "none of [Kurpiewski's] business" and, if Kurpiewski said anything, he and his

family "would be taken care of." When Kurpiewski backed up to leave the road, he saw a body and blood on the ground and thought he might have run over the body. Kurpiewski surmised that Boland had killed Hilbert. Kurpiewski and Boland used the car of Boland's girlfriend to dispose of the gun and rented a U-Haul trailer to move Boland's belongings. Boland later disclosed to his girlfriend that he had "set up" Hilbert.

One issue at trial was the timeline of events. Boland alleged that he was with his girlfriend at the time of the murder, but testimony from Kurpiewski and Boland's girlfriend placed Boland at the scene at the estimated time of Hilbert's death. To support the timeline, the state called Christopher Hoffman, an assistant manager at U-Haul, to authenticate a time-stamped receipt from the store. Boland did not cross-examine Hoffman and did not object to admission of the receipt. The trial ended with a hung jury.

At Boland's second trial, the state moved to read Hoffman's testimony into evidence. Boland's trial counsel objected and argued that admission of the former testimony would violate Boland's right to cross-examination. The state argued that Hoffman was unavailable because he was on vacation. The trial court admitted the testimony under a Florida statute that permitted the introduction of former testimony without evidence that the witness was unavailable. See Fla. Stat. §

90.803(22). The jury found Boland guilty of the murder, and Boland was sentenced to life imprisonment without the possibility of parole. Boland appealed his conviction and did not raise the Confrontation Clause issue. A Florida court affirmed Boland's conviction without opinion.

Boland filed pro se a petition for a writ of habeas corpus in a Florida court. Boland argued that appellate counsel provided inadequate assistance under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), when he failed to argue the Confrontation Clause issue. An appellate court denied the petition without opinion and denied Boland's motion for rehearing.

Boland filed a federal habeas petition and repeated his claim of ineffective assistance of appellate counsel. Boland alleged that he would have prevailed on appeal because the Supreme Court of Florida declared the Florida statute unconstitutional based on the Confrontation Clause while Boland's case was pending on direct appeal. See State v. Abreu, 837 So. 2d 400 (Fla. 2003). The district court ruled that appellate counsel was "arguably deficient" when he failed to raise the issue for appellate review, but the district court concluded that Boland was not prejudiced by counsel's oversight. The district court concluded that the error was harmless because the testimony was not crucial and was "cumulative" and "corroborated."

## II. STANDARD OF REVIEW

We review <u>de novo</u> the denial of a petition for a writ of habeas corpus. <u>Clark v. Crosby</u>, 335 F.3d 1303, 1307 (11th Cir. 2003). An issue of ineffective assistance of appellate counsel presents a mixed question of law and fact that we review <u>de novo</u>. <u>Id.</u>

## III. DISCUSSION

Boland presents three arguments on appeal. First, Boland argues that a provision of a federal statute, 28 U.S.C. § 2254(d), is unconstitutional. Second, Boland contends that the summary adjudication of his claim in state court is not entitled to deference. 28 U.S.C. § 2254(d)(1). Third, Boland argues that he is entitled to relief on his claim of ineffective assistance of appellate counsel. We address each argument in turn.

*A. Boland's Constitutional Argument Is Outside the Scope of the COA.*

Boland argues for the first time on appeal that section 2254(d) is unconstitutional. Our scope of review is limited to those issues presented in the certificate of appealability. <u>Maharaj v. Sec'y for the Dep't of Corr.</u>, 432 F.3d 1292, 1302 (11th Cir. 2005). Boland's argument is outside the scope of the certificate. We dismiss it.

*B. The Summary Adjudication of Boland's Ineffective Assistance Claim by the State Court Is Entitled to Deference.*

Boland's argument that the summary decision of the state court is not entitled to deference fails. The plain language of section 2254(d) requires "a rejection of the claim on the merits, not an explanation." Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1254–55 (11th Cir. 2002). A summary rejection, without discussion, qualifies as an adjudication on the merits and warrants deference. Id. at 1253–54; e.g., Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1347 (11th Cir. 2005) ("Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)." (citing Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 775–76 (11th Cir. 2003)). Although the state court denied Boland's claim of ineffective assistance of appellate counsel without explanation or citation to authority, the summary denial qualifies as an adjudication on the merits and is entitled to deference under section 2254(d)(1). Parker, 331 F.3d at 776 ("the summary nature of [the] . . . decision does not lessen the deference that [it] is due" (quoting Wright, 278 F.3d at 1254)). The district court correctly gave deference to the decision by the state court.

*C. The Decision by the State Court Was Not Contrary To or an Unreasonable Application of Clearly Established Federal Law.*

A petitioner is entitled to a writ of habeas corpus only if the state court

reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" precedent if either the state court reached a conclusion opposite to that reached by Supreme Court on a question of law or the state court was presented with facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrived at a contrary result. Putman v. Head, 168 F.3d 1223, 1241 (11th Cir. 2001). A state court makes an "unreasonable application" of clearly established federal law if the court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id.

To establish ineffective assistance of appellate counsel, a defendant must prove that counsel provided deficient representation and the performance prejudiced the defendant. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). A petitioner satisfies the prejudice element if he establishes that "counsel's conduct so undermined the proper functioning of the adversarial process that the [appeal] cannot be relied on as

7

having produced a just result." Strickland, 466 U.S. at 686, 104 S. Ct. at 2064. To determine prejudice, the reviewing court must first review the merits of the claim omitted from the direct appeal. Cross, 893 F.2d at 1290. That examination requires that we determine whether the state court would have applied harmless error review. Heath, 941 F.2d at 1136–37.

We must consider whether there was a reasonable probability that on direct appeal the state court, if informed that Boland objected to the admission of testimony under the Florida statute later declared unconstitutional, Fla. Stat. § 90.803(22), would have granted Boland a new trial. See Clark v. Crosby, 335 F.3d 1303, 1312 n.9 (11th Cir. 2003). While Boland's case was pending on appeal, the state appellate court held that section 90.803(22) violated the Confrontation Clause. See Abreu, 804 So. 2d at 443; see also Jenkins v. State, 803 So. 2d 783, 786–87 & n.2 (Fla. Dist. Ct. App. 2001) (applying Abreu to depositions presented in a civil commitment hearing). That potential violation of Boland's right to confrontation was subject to review for harmless error. See Hopkins v. State, 632 So. 2d 1372, 1377 (Fla. 1994) (citing Coy v. Iowa, 487 U.S. 1012, 1021–22, 108 S. Ct. 2798, 2803 (1988)).

On collateral review, it was reasonable for the state court to conclude that Boland could not establish "prejudice" because the decision to admit Hoffman's

testimony was harmless error. See Strickland, 466 U.S. at 695, 104 S. Ct. at 2069. Hoffman's testimony was relevant to establish that Kurpiewski rented a U-Haul trailer at 1:17 p.m., but this fact was cumulative to testimony from Boland's girlfriend that she drove Boland and Kurpiewski to the U-Haul rental office around 12:30 p.m., and testimony from Kurpiewski that he had rented a U-Haul after the murder. Other circumstantial evidence also proved Boland's guilt. Kurpiewski testified that he saw Boland at the scene of the crime with a gun in his hand and he observed Hilbert's bloody body on the rural road. Kurpiewski also explained Boland's motive to kill Hilbert. Boland admitted to his girlfriend that he had "set up" Hilbert, and he used her vehicle to dispose of the murder weapon.

The district court correctly denied Boland habeas relief. It was reasonable for the state courts to conclude that Boland was not prejudiced when counsel failed to argue the Confrontation Clause issue on direct appeal because the error was harmless. The conclusion by the state court that appellate counsel was not ineffective is not contrary to or an unreasonable application of clearly established federal law.

## IV. CONCLUSION

The denial of Boland's petition is **AFFIRMED**.