[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16663
Non-Argument Calendar

_____

D. C. Docket No. 04-02349-CV-T-17-TGW

ROBERT WELLS,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 9, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Robert Wells, a Florida state prisoner proceeding pro se, appeals the denial of his habeas petition, filed pursuant to 28 U.S.C. § 2254. In his petition, Wells claimed that the state trial court erred by permitting the prosecution to read to the jury an allegedly unavailable witness's testimony from a previous trial. The district court found that Wells was procedurally barred from bringing this claim because he had not exhausted available state court remedies. Because we find that the claim was not procedurally defaulted, we REVERSE and REMAND for the district court to consider the merits of that claim.

## I. BACKGROUND

In 1999, a jury convicted Wells of first-degree murder; however, that conviction was reversed on direct appeal, and a second trial ended in a mistrial. A third trial was held in 2001, at which the jury again convicted Wells of the crime and sentenced him to life without the possibility of parole. At that trial, the state sought to introduce transcripts from the first trial of testimony by Deputy Michael Gattarello, one of the first law enforcement officers to arrive at the scene of the murder. The state represented that Gattarello was unable to testify at the third trial because he was then in Kosovo and that an investigator would confirm this account. Wells objected to the use of this testimony, asserting that the state had not established why Gattarello was unavailable to testify, particularly since there

was sufficient time to make arrangements so that he could testify via other means, i.e., via telephone or video conference. The trial court found that Gattarello was unavailable and permitted the state to use the transcripts because he had been subjected to cross-examination at the time he gave the testimony in question.

On direct appeal, Wells argued that the state failed to show that Gattarello was unavailable to testify, and that, as a result, the court erred in permitting his prior testimony to be read to the jury. In his brief, he cited a Florida state case, Abreu v. State, 804 So. 2d 442 (Fla. Dist. Ct. App. 2001), in which the court reversed a defendant's conviction after finding that the use of a transcript rather than live testimony violated his constitutional right to confront witnesses against him. That case, according to Wells, indicated that live testimony could be replaced by the reading of prior testimony only if there had been a showing of unavailability. The Florida Supreme Court summarily affirmed his conviction and sentence. See Wells v. State, 846 So. 2d 520 (Fla. 2003) (table).

After an unsuccessful motion for post-conviction relief in state court, Wells filed a § 2254 petition, in which he raised five grounds for relief — four claims based on ineffective assistance of counsel, and one claim relating to the failure to show Gattarello's unavailability. The district court subsequently denied Wells's petition. In so doing, it found that his unavailability argument was procedurally

barred because Wells's objections to the testimony were based on state rules of evidence and did not implicate federal constitutional principles, including his Sixth Amendment right to confrontation. Furthermore, the court determined that Wells had not demonstrated sufficient cause and prejudice, nor a fundamental miscarriage of justice, to excuse the procedural default. The court also denied Wells's request for a certificate of appealability ("COA") with respect to all of the claims. However, we granted a COA on the issue of whether the district court erred in finding the confrontation clause claim to be procedurally barred.

## II. DISCUSSION

Whether a petitioner is procedurally barred from raising a particular claim is a mixed question of law and fact that we review de novo. See Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999) (per curiam). Before filing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, it must have been "fairly presented to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could meet this requirement by citing as part of his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply

4

labeling the claim 'federal.'"  Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

We have indicated that the Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement," namely giving state courts "a meaningful opportunity" to address the federal claim.  McNair, 416 F.3d at 1302 (quotation marks and citation omitted). A petitioner thus would not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim" or by making a "somewhat similar state-law claim."  Kelley v. Secretary for the Dep't of Corr., 377 F.3d 1317, 1343–44 (11th Cir. 2004).  Instead, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim."  Id. at 1344 (quotation marks and citation omitted).  A habeas petitioner who fails to make such a presentation would be procedurally barred from pursuing that same claim in federal court unless he can show either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default.  See Bailey, 172 F.3d at 1306.

Based on our review of the record, we find that Wells fairly presented his federal claim to the state courts.  In his brief on direct appeal, he challenged the

State's use of Gattarello's testimony without a showing of unavailability. In support of this argument, he cited and discussed only one case, Abreu. In Abreu, a Florida appellate court determined that a state statute relieving a party of the need to prove unavailability before introducing prior testimony was "unconstitutional as a violation of the Sixth Amendment's confrontation clause."[1] Abreu, 804 So. 2d at 443. Since Wells cited as part of his unavailability claim "a case deciding such a claim on federal grounds," he sufficiently showed a desire to raise a federal issue. Baldwin, 541 U.S. at 32, 124 S. Ct. at 1351. Furthermore, the State, in its answer brief, stated that Wells was asserting a violation of his right of confrontation and that his Sixth Amendment right was not violated by the use of the testimony. See R2-13, Exh. 3 at 2, 7–9. These references were sufficient to alert the state court that Wells's claim raised federal constitutional concerns. See McNair, 416 F.3d at 1302.

The State argues that Wells waived his right to pursue this claim by foregoing the taking of testimony offered by the state to demonstrate Gattarello's unavailability. However, we can find no indication that the trial court determined that Wells invited the error he complained of on direct appeal. Instead, the court overruled Wells's objection and concluded that the government had sufficiently

---

[1] Subsequent to Wells's appeal, the Florida Supreme Court affirmed this decision. See State v. Abreu, 837 So. 2d 400 (Fla. 2003).

6

demonstrated Gattarello's unavailability.  See R2-12, Addendum Vol. 1 at 24.

Because the Florida Supreme Court affirmed Wells's conviction without opinion

and the trial court did not state expressly that it was denying the claim due to a

procedural default by Wells, there was no independent and adequate ground of

state procedure to conclude that the petitioner's federal claim is barred.  See

Harmon v. Barton, 894 F.2d 1268, 1274 (11th Cir. 1990) (noting that a petition can

be denied based on procedural default only when there is "a clear and express

statement by the state trial court that its judgment was based on procedural

default," which thereby allows us to "conclude without any doubt that the state

court per curiam affirmance was also based upon that ground").

We therefore conclude that the district court erred in finding Wells's claim

to be procedurally defaulted.  Although the State encourages us to find that the

admission of the testimony had no injurious effect on the jury's verdict, we believe

that such a determination is better left to the district court in the first instance and

thus remand to address that issue and any others that arise.  In so doing, we express

no opinion on the merits of Walls's argument.

### III. CONCLUSION

Wells appeals the district court's denial of his habeas petition with respect to

his claim that his constitutional right of confrontation was violated.  Based on our

review of the record, we find that Wells fairly presented this claim to the state courts and thus that the district court erred in finding the claim procedurally barred due to a failure to exhaust state remedies. Accordingly, we REVERSE the district court's denial with respect to that claim and REMAND for consideration of the merits of the claim.

**REVERSED AND REMANDED.**